## W. K. GRIFFIN v. L. WALKER.

1. The rulings in Scott *v.* Atchison, *ante* 76, on the subject of the novation of contracts, referred to and approved.

2. G., being about to remove from Texas in 1859, authorized A., by power of attorney, to collect a note due to G. from W. In 1862, A. received Confederate money from W. in payment of the note. In 1869, G. brought suit on the note against W., who pleaded the payment, alleging that G. was indebted to A. and made the power of attorney for A.'s benefit, and to enable A. to pay himself out of the proceeds of the note. The court below allowed the defendant W., over objections of the plaintiff, to introduce testimony to the effect that G., when he made the power of attorney, told A. to pay himself out of the proceeds of the note, when collected, etc. *Held,* error; such evidence was not competent to explain or augment the authority conferred on A. by the power of attorney.

APPEAL from Bastrop. Tried below before the Hon. I. B. McFarland.

The second head-note condenses the testimony of Claiborne, to which reference is made in the opinion. It also indicates the material facts of the case. A jury was waived in the court below, and the case was submitted to the judge.

*Jones & Sayers*, for the appellant.

*C. C. McGinnis*, for the appellee.

WALKER, J. We must be excused for not noticing, in this opinion, the points made in the able briefs and arguments of counsel. We have before us the case of Scott *v.* Atchison *et al.*, in which we have prepared at some length and considerable labor, an opinion embracing the material questions herein to be considered. We refer to that case and the authorities therein cited, as giving our reasons in full for reversing the judgment in this case.

One point only do we deem it material to notice. We do not think the evidence of Claiborne was competent to explain or

extend the authority conferred by the power of attorney from Griffin to Anderson.    True, it was competent for the defendant to prove any contract of novation by legation whereby Griffin was to be discharged from his debt to Anderson, by giving him a new obligation and a new obligor; but in order to make such a contract binding, it must be made in conformity with the rule as laid down in Scott *v.* Atchison, and as derived from writers on the civil law, to which that species of contract belongs, and which has been adopted by the common law authorities.    We are asked to reverse, reform, and render the judgment in this case.    The value of the rents and profits of the land having been remitted in this court, the judgment of the District Court is reversed, and the appellant will take judgment for the land described in the petition.

Reversed and rendered.